17-1024-cv
*Marom v. Town of Hempstead*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand eighteen.

PRESENT:   GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.
*Circuit Judges.*

---

MICHAEL MAROM,

*Plaintiff-Appellant,*                                                    17-1024-cv

v.

TOWN OF HEMPSTEAD, KATE MURRAY, SUPERVISOR,
JON LIPINSKY, CODE ENFORCEMENT OFFICER,
MARTIN SMITH, CODE ENFORCEMENT OFFICER,

*Defendants-Appellees.**

---

**FOR PLAINTIFF-APPELLANT:**          Michael Marom, *pro se*, Baldwin, NY.

**FOR DEFENDANTS-APPELLEES:**          Donna A. Napolitano and Daniel J. Evers, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY.

---

* The Clerk of Court is directed to amend the caption as shown above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 22, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Michael Marom, proceeding *pro se*, appeals from the District Court's March 22, 2017 grant of summary judgment to defendants-appellees Town of Hempstead, Town Supervisor Kate Murray, and Code Enforcement Officers Jon Lipinsky and Martin Smith (jointly, "Defendants"). On appeal, Marom argues that the District Court erred in finding that Defendants did not violate his Fourth Amendment right to be free from unreasonable searches and seizures when Officer Smith entered Marom's house during a realtor-hosted open house, conducted a building inspection, and issued an "appearance ticket" for possession of a sauna without a plumbing permit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

Officer Smith conducted the inspection during an open house to which Marom "invit[ed] the public at large to visit the premise." Appellant Br. at 16. While Marom suggests that visitors were not granted unlimited access to the house, *id.* at 20, Marom does not argue that visitors were prohibited from viewing the sauna. Nor were we able to identify any such limitation in the record.

"What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967); *see also United States v. Titemore*, 437 F.3d 251, 256 (2d Cir. 2006) ("Thus a man's home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the plain view of outsiders are not protected because no intention to keep them to himself has been exhibited." (internal quotation marks omitted)). Because Marom exposed his house and sauna to the public when he held the open house, the Defendants did not violate Marom's Fourth Amendment

rights by conducting an inspection and viewing the sauna during the event. We therefore affirm for substantially the reasons stated by the District Court in its March 22, 2017 Opinion and Order.

## CONCLUSION

We have reviewed all of the arguments raised by Marom on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 22, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk